IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CHAD R. WHEELER,

      Petitioner,


    vs.                            Civil Action 2:10-CV-1127
                                     Judge Frost
WARDEN, MADISON CORRECTIONAL          Magistrate Judge King
INSTITUTION,

      Respondent.


### REPORT AND RECOMMENDATION


      Petitioner challenges in this action the revocation of his

sentence of community control by the Franklin County Court of Common

Pleas:

> **GROUND ONE:** "<u>Due Process</u> – Petitioners Rights to
> Due Process were violated when Petitioner was never
> afforded timely hearings towards the revocation of
> Petitioner's Probation (Not to exceed 60 days)
> while being detained and available for said
> hearings. No Probationary/Revocation Hearings of
> any form were ever held period, and Petitioner was
> sentenced to a Prison term of 3 yrs. approximately
> 9 months later during a sentencing hearing on a <u>New</u>
> 2005 case."
>
> **GROUND TWO:** "<u>Involuntary Servitude to the State</u> –
> If relief is not granted, Petitioner will in fact
> be forced to serve a Prison Term of 3 years on said
> Probation minus any form of Due Process Revocation
> Hearings and undoubtedly [sic] against Petitioner's
> will leaving Petitioner to Involuntary Servitude."

*Petition*, Doc. No. 1, at 5, 7.  This matter is now before the Court on

respondent's motion to dismiss the action for failure to exhaust state

court remedies.  Doc. No. 9.  Although petitioner was granted an

extension of time to respond to the motion to dismiss, *Order*, Doc. No.

11, petitioner has not responded to the motion.

On August 27, 20009, the Ohio Court of Appeals for the Tenth District denied petitioner's request for post-conviction relief, in which petitioner raised his challenges to the revocation of his community control, reasoning that petitioner's challenges should have been raised on direct appeal.  Exhibit 47 to *Motion to Dismiss*, at 3-4. Petitioner acknowledges that a direct appeal from the order of revocation "was never perfected and heard." *Petition,* at 5,7. Although the period for filing a timely direct appeal has long since passed, petitioner may still file a motion for delayed direct appeal from the trial court's decision.  *See* Ohio Appellate Rule 5(A). Because petitioner has not yet properly presented his claims to the Ohio courts, and still has available to him an avenue by which to do so, he has not exhausted his state court remedies.  See 28 U.S.C. §2254(b), (c).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)(a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement).

Moreover, a stay of these proceedings pending exhaustion is not warranted.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  Should petitioner's motion for a delayed direct appeal be granted, the statute of limitations will begin anew.  Moreover, petitioner has failed to establish good cause for his failure, thus far, to request a delayed direct appeal, notwithstanding the fact that the Ohio court of appeals advised him of that remedy nearly two years ago.

It is therefore **RECOMMENDED** that respondent's motion to dismiss, Doc. No. 9, be **GRANTED** and that this action be dismissed, without prejudice, for failure to exhaust available state court remedies.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,*  638 F.2d 947 (6th Cir. 1981).

July 6, 2011                         *s/Norah McCann King*
 (Date)                           Norah McCann King
                            United States Magistrate Judge